EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** PASADENA TECH PROPERTIES, LLC, a Delaware
**(AVISO AL DEMANDADO):** limited liability company; and DOES 1-10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** ANTHONY BOUYER, an individual,
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |
| **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>12/23/2024 8:23 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By M. Vargas, Deputy Clerk** |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
| --- | --- |
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Los Angeles<br>9425 Penfield Ave.<br>Chatsworth, CA 91311 | CASE NUMBER:<br>*(Número del Caso):*<br><br>24CHCV04647 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Joseph R. Manning, Jr. #223381
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Manning Law, APC
26100 Towne Centre Drive, Foothill Ranch, CA 92610                                    949-200-8755

| DATE:<br>*(Fecha)* | 12/23/2024 | Clerk, by<br>*(Secretario)* | M. Vargas | , Deputy<br>*(Adjunto)* |
| --- | --- | --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):* ~~Pasadena Tech Properties L~~
3. ☑ on behalf of *(specify):* Pasadena Tech Properties L

under: ☐ CCP 416.10 (corporation)                    ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)             ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)       ☐ CCP 416.90 (authorized person)
       ☑ other *(specify):* 1701 corp code LLC
4. ☐ by personal delivery on *(date):*

[SEAL]

| | |
| --- | --- |
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder® |

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Joseph R. Manning, Jr.    SBN: 223381
Manning Law, APC
26100 Towne Centre Drive, Foothill Ranch, CA 92610
TELEPHONE NO.: 949-200-8755    FAX NO.: 866-843-8308
EMAIL ADDRESS: disabilityrights@manninglawoffice.com
ATTORNEY FOR *(Name):* Anthony Bouyer

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 9425 Penfield Ave.
MAILING ADDRESS: 9425 Penfield Ave.
CITY AND ZIP CODE: Chatsworth, CA 91311
BRANCH NAME: Chatsworth Courthouse

FOR COURT USE ONLY

Electronically FILED by
Superior Court of California,
County of Los Angeles
12/17/2024 3:47 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By M. Vargas, Deputy Clerk

CASE NAME: Anthony Bouyer v Pasadena Tech Properties, LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 24CHCV04647 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $35,000) [ ] Limited (Amount demanded is $35,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[X] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* 1; ONE
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may u

Date: 09/11/2024

Joseph R. Manning, Jr
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET     CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

Westlaw Doc & Form Builder™

| SHORT TITLE | CASE NUMBER 24CHCV04647 |
|---|---|
| Anthony Bouyer v Pasadena Tech Properties, LLC, et al. | |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1.  Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7.  Location where petitioner resides. |
| 2.  Permissive filing in Central District. | 8.  Location wherein defendant/respondent functions wholly. |
| 3.  Location where cause of action arose. | 9.  Location where one or more of the parties reside. |
| 4.  Location where bodily injury, death or damage occurred. | 10.  Location of Labor Commissioner Office. |
| 5.  Location where performance required, or defendant resides. | 11.  Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6.  Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Anthony Bouyer v Pasadena Tech Properties, LLC, et al. | 24CHCV04647 |

| | A Civil Case Cover Sheet Case Type | B Type of Action (check only one) | C Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☑ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

LASC CIV 109 Rev. 01/23          **CIVIL CASE COVER SHEET ADDENDUM**          LASC Local Rule 2.3
For Mandatory Use                       **AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Anthony Bouyer v Pasadena Tech Properties, LLC, et al. | 24CHCV04647 |

|  | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Contract**<br>**(Continued)** | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
|  |  | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
|  |  | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels _____ | 2, 6 |
|  | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
|  | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
|  |  | ☐ 2602 Quiet Title | 2, 6 |
|  |  | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
|  | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
|  | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
|  | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
|  | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
|  | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
|  |  | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
|  |  | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
|  | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
|  |  | ☐ 3902 Administrative Hearing | 2, 8 |
|  |  | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
|  | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
|  |  | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

LASC CIV 109 Rev. 01/23    **CIVIL CASE COVER SHEET ADDENDUM**    LASC Local Rule 2.3
For Mandatory Use    **AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Anthony Bouyer v Pasadena Tech Properties, LLC, et al. | 24CHCV04647 |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation (Continued)** | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Anthony Bouyer v Pasadena Tech Properties, LLC, et al. | 24CHCV04647 |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: ☐ 1. ☐ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS: 16920 Devonshire ST |
|---|---|
| CITY: GRANADA HILLS | STATE: CA | ZIP CODE: 91344 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _NORTH VALLEY_ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: _12/11/2024_

_____ (SIGNATURE OF FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 01/23
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Chatsworth Courthouse
9425 Penfield Avenue, Chatsworth, CA 91311

### NOTICE OF CASE ASSIGNMENT

### UNLIMITED CIVIL CASE

**Your case is assigned for all purposes to the judicial officer indicated below.**

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles
**12/17/2024**
David W. Slayton, Executive Officer / Clerk of Court
By: _____ M. Vargas _____ Deputy

CASE NUMBER:
24CHCV04647

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Melvin D. Sandvig | F47 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 12/17/2024
　　(Date)

**David W. Slayton, Executive Officer / Clerk of Court**

By M. Vargas _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

### NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Chatsworth Courthouse
9425 Penfield Avenue, Chatsworth, CA 91311

PLAINTIFF:
ANTHONY BOUYER

DEFENDANT:
PASADENA TECH PROPERTIES, LLC, a Delaware limited liability

**NOTICE OF CASE MANAGEMENT CONFERENCE**

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

**12/17/2024**

David W. Slayton, Executive Officer / Clerk of Court

By: ____G. Gilbertson____ Deputy

CASE NUMBER:
24CHCV04647

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

> Date: 09/23/2025    Time: 8:30 AM    Dept.: F47

NOTICE TO DEFENDANT:    THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: __12/17/2024__

_Judicial Officer_
Melvin D. Sandvig / Judge

**CERTIFICATE OF SERVICE**

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in __Chatsworth__, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Joseph R Manning, Jr.
26100 Towne Centre DRIVE
Foothill Ranch, CA 92610

David W. Slayton, Executive Officer / Clerk of Court

Dated: __12/17/2024__

By __G. Gilbertson__
Deputy Clerk

LASC LACIV 132 Rev. 01/23
For Optional Use

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter 7KUHH

Docusign Envelope ID: EC220303-232B-4BDF-A43E-E850D8A97205

1   Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
    **MANNING LAW, APC**
2   26100 Towne Centre Drive
    Foothill Ranch, CA 92610
3   Office: (949) 200-8755
    DisabilityRights@manninglawoffice.com
4

**Electronically FILED by
Superior Court of California,
County of Los Angeles
12/17/2024 8:18 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By M. Vargas, Deputy Clerk**

5
    Attorney for Plaintiff: ANTHONY BOUYER
6

7                    SUPERIOR COURT OF CALIFORNIA
8                 IN AND FOR THE COUNTY OF LOS ANGELES
9

10
11  ANTHONY BOUYER, an individual,          Case No.   24CHCV04647
12              Plaintiff,                   Verified Complaint For Injunctive Relief and
                                             Damages For:
13  v.
                                             1. Violations of the Americans with Disabilities
14                                              Act [42 U.S.C. §§ 12101-12189] (the "ADA")
15  PASADENA TECH PROPERTIES, LLC,           2. Violations of the Unruh Civil Rights Act
16  a Delaware limited liability company; and   [Cal. Civil Code §§ 51 - 53] (the "UCRA")
    DOES 1-10, inclusive,
17                                           ACTION SUBJECT TO THE SUPPLEMENTAL
                Defendants.                  FEE IN GOV'T. CODE § 70616.5
18
19
20
21
22
23
24
25
26
27
28

                                  1
                        VERIFIED COMPLAINT

Docusign Envelope ID: EC220303-232B-4BDF-A43E-E850D8A97205

1    Plaintiff, ANTHONY BOUYER ("Plaintiff"), hereby complains of Defendants

2    PASADENA TECH PROPERTIES, LLC, a Delaware limited liability company; and Does 1-10

3    ("Defendants") and alleges the following on information and belief based upon investigation and

4    advice of counsel, except as to Plaintiff's own acts, which are hereby alleged upon personal

5    knowledge as follows:

6                                          **PARTIES**

7        1.    Plaintiff is an adult California resident.

8        2.    Plaintiff is substantially limited in performing one or more major life activities,

9    including but not limited to walking, standing, moving about, sitting, and driving.

10       3.    As a result of these disabilities, Plaintiff requires the use of leg braces for mobility

11   stability, a walker or wheelchair for mobility, and hand control devices to drive his motor vehicle.

12       4.    As is his routine, custom, and habit; Plaintiff travels while wearing leg braces for

13   stability, a walker to ambulate from his driver's seat to the rear of his vehicle where he stores his

14   wheelchair, and then transfers to his wheelchair to further ambulate.

15       5.    Plaintiff is informed and believes and thereon alleges that Defendants PASADENA

16   TECH PROPERTIES, LLC, a Delaware limited liability company, and DOES 1-3, owned the

17   property located at 16920 Devonshire St, Granada Hills, CA 91344 ("Property") on November 5,

18   2024 (the "Date of Visit") upon which Bank of America ATM ("Business") is located.

19       6.    Plaintiff is informed and believes and thereon alleges that Defendants PASADENA

20   TECH PROPERTIES, LLC, a Delaware limited liability company, and DOES 1-3, currently own

21   the Property.

22       7.    The Business is a facility open to the public, a place of public accommodation, and

23   a business establishment.

24       8.    Plaintiff does not know the true name of DOE Defendants, that may be related to

25   the Business and/or Property. Plaintiff is informed and believes that each of the Defendants

26   herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events

27   herein alleged. Plaintiff will seek leave to amend when the true names, capacities, connections,

28   and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

                                    VERIFIED COMPLAINT

1                               **JURISDICTION AND VENUE**

2          9.      This Court has subject matter jurisdiction over this action.

3          10.      This Court has personal jurisdiction over Defendants because they conducted and

4 continue to conduct substantial business in the State of California, County of Los Angeles, and

5 because Defendants' offending Business & Property are located in this County.

6          11.      Defendants conduct substantial business in this County.

7          12.      A substantial portion of the conduct complained of herein occurred in this County.

8                               **PROCEDURAL BACKGROUND**

9          13.      Plaintiff is a high-frequency litigant. During the 12 months prior to the filing of this

10 Complaint, Plaintiff has filed over 10 complaints alleging a construction related accessibility

11 claim.

12          14.      Plaintiff has standing to sue Defendant(s) in the Superior Court of California insofar

13 as Plaintiff "has been the victim of the defendant's discriminatory act." *Angelucci v. Century*

14 *Supper Club* (2007) 41 Cal.4th 160, 175.

15          15.      Disability discrimination is indistinguishable in many ways from race and sex

16 discrimination in that it can attack the individual's sense of self-worth in much the same fashion as

17 race or sex discrimination. *City of Moorpark v. Superior Court* (1998) 18 Cal.4th 1143.

18          16.      Under the ADA, it is an act of discrimination to fail to ensure that the privileges,

19 advantages, accommodations, facilities, goods and services of any place of public accommodation

20 are offered on a full and equal basis by anyone who owns, leases, or operates a place of public

21 accommodation. 42 U.S.C. § 12182(a). Discrimination is defined there as follows:

22          17.      A failure to make reasonable modifications in policies, practices, or procedures,

23 when such modifications are necessary to afford goods, services, facilities, privileges, advantages,

24 or accommodations to individuals with disabilities, unless the accommodation would work

25 fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

26          18.      A failure to remove architectural barriers where such removal is readily achievable.

27 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers may be defined by failure to comply with the ADA

28 Standards.

VERIFIED COMPLAINT

Docusign Envelope ID: EC220303-232B-4BDF-A43E-E850D8A97205

19.    Where such barrier removal is not readily achievable, the failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative readily achievable, methods. 42 U.S.C. § 12182(b)(2)(A)(v).

20.    A failure to design and construct facilities for first occupancy later than January 26, 1993, that are readily accessible to and usable by individuals with disabilities, except where an entity can demonstrate that it is structurally impracticable to meet the requirements. 42 U.S.C. § 12183(a)(1).

21.    A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

22.    California Civil Code § 51(f) provides that a violation of the right of any individual under the ADA shall also constitute a violation of the UCRA.

## FACTUAL ALLEGATIONS

23.    Plaintiff personally visited the Business on or about Date of Visit.

24.    Plaintiff purchased items sold at the Business on the Date of Visit.

25.    Plaintiff obtained a receipt from the Business on the Date of Visit.

26.    On the Date of Visit, Plaintiff also evaluated the Business and the Property for compliance with the ADA and the UCRA.

27.    Parking spaces are one of the facilities, privileges, and advantages reserved by Defendants to persons at the Property serving the Business.

28.    Unfortunately, although facilities, privileges, goods, and services are provided at the Business and the Property for customer use, the conditions present at the Business and Property on the Date of Visit failed to comply with the applicable ADA Standards for Accessible Design.

29.    On the Date of Visit, instead of having architectural barrier free facilities for patrons with disabilities, the subject property contained ADA violations as follows:

30.    An accessible parking area whose slope exceeds ADAAG specifications (Section 502.4).

31.    An accessible parking space that is inadequately marked (Section 502.2).

4
VERIFIED COMPLAINT

Docusign Envelope ID: EC220303-232B-4BDF-A43E-E850D8A97205

32. An access aisle that is inadequately marked (Section 502.3.3).

33. Due to architectural barriers in violation of one or more of the ADA standards for accessible design, the parking, paths of travel, and demarcated accessible spaces at the Property violate the ADA and UCRA, are inaccessible, and denied Plaintiff's right and entitlement to full and equal access.

34. Because Defendants PASADENA TECH PROPERTIES, LLC, a Delaware limited liability company, and DOES 1-3, own, operate and/or lease the Property, they are responsible for the violations of the ADA and UCRA that exist at the Property and/or the Business.

35. Subject to the reservation of rights to assert further violations of law after a site inspection found infra, Plaintiff asserts there are additional ADA violations which affect him personally at the Business and/or the Property.

36. Plaintiff is informed and believes and thereon alleges Defendants has had no policy or plan in place to make sure that the Business and/or the Property complied with ADA requirements prior to the Date of Visit.

37. Plaintiff personally encountered ADA violations at the Business and/or upon the Property and/or has been made aware of them by virtue of the investigation of counsel.

38. The presence of the ADA violations relates to Plaintiff's disability, denied and continue to deny Plaintiff the right to enjoy accessible conditions at Defendants' public place of accommodation, denied Plaintiff full and equal access, and therefore invades legally cognizable interests protected by the ADA and the UCRA.

39. The conditions identified *supra* are necessarily related to Plaintiff's legally recognized disability in that Plaintiff is substantially limited in the major life activities of walking, standing, moving about, sitting, and driving; Plaintiff is the holder of a disabled parking placard; and because the enumerated conditions relate to the use of the accessible parking and relate to the slope and condition of the accessible parking and accessible path to the accessible entrance.

40. As an individual with a mobility disability who relies upon a wheelchair, Plaintiff has a keen interest in whether public accommodations have architectural barriers that impede full accessibility to those accommodations by individuals with mobility impairments.

5
VERIFIED COMPLAINT

Docusign Envelope ID: EC220303-232B-4BDF-A43E-E850D8A97205

41.     Plaintiff and other members of the disabled community are ongoingly being
subjected to the ADA violations alleged herein by Plaintiff.

42.     The Defendants, and each of them, continue to maintain the inaccessible conditions
and engage in the discriminatory conduct alleged herein such that Plaintiff is entitled to the
requested relief under California law.

43.     Plaintiff is being deterred from patronizing the accommodations provided for public
use at the Business and/or the Property due to Plaintiff's knowledge of the ongoing existence of
discriminatory ADA violations thereat.

44.     As a result of the inaccessible conditions of the Business and/or the Property,
Plaintiff has been denied full and equal access to the Business and/or the Property on one or more
particular occasions.

45.     Remediation by Defendants of the ADA violations alleged herein to bring them into
compliance with ADA requirements is easily accomplishable without undue burden or expense
and is therefore readily achievable to remove.

46.     To the extent full compliance with ADA requirements at the Business and/or the
Property is not readily achievable, there are numerous alternative accommodations that could be
made to provide a greater level of access that have not been affected by the Defendants.

47.     Given the obvious and blatant ADA violations alleged herein, Plaintiff alleges that
it is likely there are other ADA violations at the Business and/or the Property that relate to
Plaintiff's disability.

48.     Plaintiff will amend this complaint to further describe the full scope of the ADA
violations at issue in this case once a site inspection is completed.

49.     Whether or not alleged in this version of Plaintiff's complaint, Defendants are
hereby on notice that Plaintiff seeks and will seek to have all ADA violations related to Plaintiff's
disability remedied and brought into compliance with ADA requirements.

50.     Without injunctive relief, Plaintiff and other members of the disabled public are
being and will continue to be denied full and equal access to the Business and the Property in
violation of the ADA.

VERIFIED COMPLAINT

Docusign Envelope ID: EC220303-232B-4BDF-A43E-E850D8A97205

**FIRST CAUSE OF ACTION**

**VIOLATIONS OF THE ADA**

**42 U.S.C. §§ 12101-12189**

51.     Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

52.     Defendants have maintained conditions as alleged herein at the Business and/or the Property that violate the ADA.

53.     The ADA violations alleged herein are readily achievable to remove.

54.     Plaintiff and other disabled members of the general public are being deprived of their right and entitlement to full and equal access to the Business and/or the Property due to the existence of the ADA violations alleged herein.

55.     The ADA violations alleged herein are ongoing, have deprived Plaintiff of full and equal access on a particular occasion, and continue to deny full and equal access to Plaintiff and other disabled persons.

**SECOND CAUSE OF ACTION**

**VIOLATIONS OF THE UCRA**

**CALIFORNIA CIVIL CODE §§ 51 - 53**

56.     Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

57.     California Civil Code § 51 *et seq.* guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever.  Defendants are systematically violating the UCRA, Civil Code § 51 *et seq.*

58.     By violating the ADA, Defendants are violating the UCRA, Civil Code § 51 *et seq.*, by denying disabled customers full and equal access to the goods and services offered at the Business and Property.  The ADA violations alleged herein are ongoing.

VERIFIED COMPLAINT

Docusign Envelope ID: EC220303-232B-4BDF-A43E-E850D8A97205

59.    Civil Code § 51(f) provides that a violation of the right of any individual under the ADA also constitutes a violation of the UCRA.

## **PRAYER**

**WHEREFORE, Plaintiff prays that this court provide relief as follows:**

1.    For a Declaratory Judgment that at the commencement of this action Defendants owned, maintained, and/or operated the Business and/or the Property in a manner which discriminated against Plaintiff and other persons with disabilities and that Defendant took insufficient action to ensure that the Business and the Property were fully accessible to and independently usable by Plaintiff and other persons with disabilities in violation of law.

2.    For permanent injunctive relief, pursuant to and appropriate to comply with the ADA, compelling Defendants to remove all presently existing ADA violations within 90 days of judgment or whatever other date certain determined by the Court to be fair and just.

3.    To the extent that complete removal of all presently existing ADA violations is not readily achievable, for permanent injunctive relief pursuant to and appropriate to comply with the ADA compelling Defendants to make the Business and the Property accessible through alternative methods.

4.    **Note**: Plaintiff is not invoking California Civil Code § 55 and is not seeking injunctive relief under the Disabled Persons Act or the Unruh Civil Rights Act at all.

5.    For an award of actual damages and/or statutory damages of not less than $4,000 per occurrence pursuant to California Civil Code §§ 52 and 55.56.

6.    For an award of $4,000.00 in statutory damages for each specific instance of deterrence at the Business and Property pursuant to California Civil Code §§ 52 and 55.56.

7.    For reasonable attorney fees, litigation expenses, and costs of suit pursuant to 42 U.S.C. § 12205 and Cal. Civ. Code § 52.

////

////

////

////

8

VERIFIED COMPLAINT

Docusign Envelope ID: EC220303-232B-4BDF-A43E-E850D8A97205

1

## DEMAND FOR JURY TRIAL

2          Plaintiff hereby respectfully requests a trial by jury on all appropriate issues raised in this

3   Complaint.

4

5   Dated: December 17, 2024              **MANNING LAW, APC**

6

7

8                                        By: _____

9                                            Joseph R. Manning Jr., Esq.
                                             Attorney for Plaintiff
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Docusign Envelope ID: EC220303-232B-4BDF-A43E-E850D8A97205

## VERIFICATION

I am a party to this action and I have read the foregoing Complaint titled Bouyer v. Pasadena Tech Properties, LLC, et al. and I know its contents. The facts in the complaint are true based on my own knowledge, except as to those matters stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: __12/17/2024__                    By: _____
                                              ANTHONY BOUYER

---

**10**
**VERIFIED COMPLAINT**



# Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

### Main Types of ADR
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

    a.  **The Civil Mediation Vendor Resource List**
        If all parties in an active civil case agree to mediation, they may contact these organizations to
        request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected
        cases).

        •  **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com
           (213) 683-1600
        •  **Mediation Center of Los Angeles** Program Manager info@mediationLA.org
           (833) 476-9145

        **These organizations cannot accept every case and they may decline cases at their discretion.**
        They may offer online mediation by video conference for cases they accept.  Before contacting
        these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

        **NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate,
        or small claims cases.**

    b.  **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide
        mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil
        harassment, and limited civil (collections and non-collection) cases.
        https://dcba.lacounty.gov/countywidedrp/

        **Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases
        should carefully review the Notice and other information they may receive about (ODR)
        requirements for their case.  https://my.lacourt.org/odr/

    c.  Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3.  **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and
    arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's
    decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial
    after the arbitrator's decision.  For more information about arbitration, visit
    https://www.courts.ca.gov/programs-adr.htm

4.  **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close
    to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or
    settlement officer who does not make a decision but who instead assists the parties in evaluating
    the strengths and weaknesses of the case and in negotiating a settlement.  For information about
    the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website: https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 0 3 2019

Sherri R. Carter, Executive Officer/Clerk
By_____,Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )        FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING        )
FOR CIVIL                            )
                                     )
                                     )
                                     )
                                     )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all
documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los
Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex
Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).)
All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the
following:

1) DEFINITIONS

   a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to
      quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling
      portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission
      of documents to the Court for processing which may contain one or more PDF documents
      attached.

   d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a
      document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

1

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) **MANDATORY ELECTRONIC FILING**

   a) **Trial Court Records**

   Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

   b) **Represented Litigants**

   Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

   c) **Public Notice**

   The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

2019-GEN-014-00

d) Documents in Related Cases

   Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

   a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

   b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

   a) The following documents shall not be filed electronically:

      i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

      ii) Bonds/Undertaking documents;

      iii) Trial and Evidentiary Hearing Exhibits

      iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

      v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

   b) Lodgments

   Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

2019-GEN-014-00

5) **ELECTRONIC FILING SYSTEM WORKING PROCEDURES**

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) **TECHNICAL REQUIREMENTS**

a)  Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

b)  The table of contents for any filing must be bookmarked.

c)  Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d)  Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

    i)  Depositions;

    ii)  Declarations;

    iii)  Exhibits (including exhibits to declarations);

    iv)  Transcripts (including excerpts within transcripts);

    v)  Points and Authorities;

    vi)  Citations; and

    vii)  Supporting Briefs.

e)  Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f)  Accompanying Documents

Each document accompanying a single pleading must be electronically filed as a separate digital PDF document.

g)  Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.    (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

   a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

   b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

      i) Any printed document required pursuant to a Standing or General Order;

      ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

      iii) Pleadings and motions that include points and authorities;

      iv) Demurrers;

      v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

      vi) Motions for Summary Judgment/Adjudication; and

      vii) Motions to Compel Further Discovery.

   c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

   a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

   b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1  11) SIGNATURES ON ELECTRONIC FILING

2     For purposes of this General Order, all electronic filings must be in compliance with California

3  Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4  Division of the Los Angeles County Superior Court.

5

6     This First Amended General Order supersedes any previous order related to electronic filing,

7  and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8  Supervising Judge and/or Presiding Judge.

9

10  DATED:  May 3, 2019



                              KEVIN C. BRAZILE

11                               Presiding Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at ***www.lacourt.org*** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
(INSERT DATE)                            (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)
Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)
Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues
through limited paperwork and an informal conference with the Court to aid in the
resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless
   the moving party first makes a written request for an Informal Discovery Conference pursuant
   to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties
   and determine whether it can be resolved informally. Nothing set forth herein will preclude a
   party from making a record at the conclusion of an Informal Discovery Conference, either
   orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be
   presented, a party may request an Informal Discovery Conference pursuant to the following
   procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the
         approved form (copy attached) and deliver a courtesy, conformed copy to the
         assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service
           that ensures that the opposing party receives the Request for Informal Discovery
           Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11
For Optional Use                    **STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

  iii. Be filed within two (2) court days of receipt of the Request; and

  iv. Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

 c. No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

 d. If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

 e. If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

   Clear

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | \ | |

TELEPHONE NO.:          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐    Request for Informal Discovery Conference
   ☐    Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

<br><br><br><br><br><br><br><br><br><br><br><br><br>

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

Print          Save          Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER



[ Print ]    [ Save ]                                                [ Clear ]

1

2

3

4

5

6

**FILED**
LOS ANGELES SUPERIOR COURT

MAY 11 2011

JOHN A. CLARKE, CLERK

BY NANCY NAVARRO, DEPUTY

7

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8

**FOR THE COUNTY OF LOS ANGELES**

9

10

11

12

13

General Order Re )
Use of Voluntary Efficient Litigation )
Stipulations )
)
)
)

ORDER PURSUANT TO CCP 1054(a),
EXTENDING TIME TO RESPOND BY
30 DAYS WHEN PARTIES AGREE
TO EARLY ORGANIZATIONAL
MEETING STIPULATION

14

15

16

17

18

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

19

20

21

22

23

24

25

26

27

28

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court
order.

DATED: _May 11, 2011_

_Carolyn B. Neill_

Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

**DAL-005**

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: | | FOR COURT USE ONLY |
|---|---|---|---|
| NAME: | | | |
| FIRM NAME: | | | |
| STREET ADDRESS: | | | |
| CITY: | STATE: | ZIP CODE: | |
| TELEPHONE NO.: | FAX NO.: | | |
| E-MAIL ADDRESS: | | | |
| ATTORNEY FOR (name): | | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
    STREET ADDRESS:
    MAILING ADDRESS:
    CITY AND ZIP CODE:
    BRANCH NAME:

    PLAINTIFF:

    DEFENDANT:

| **DEFENDANT'S APPLICATION PURSUANT TO CIVIL CODE SECTION 55.54 FOR ☐ STAY AND EARLY EVALUATION CONFERENCE ☐ JOINT INSPECTION** | CASE NUMBER: |
|---|---|

*(Information about this application and filing instructions may be obtained at www.courts.ca.gov/selfhelp.htm.)*

1. Defendant *(name):*                             requests a stay of proceedings and early evaluation conference pursuant to Civil Code section 55.54.

2. The complaint in this case alleges a construction-related accessibility claim as defined under Civil Code section 55.52(a)(1).

3. The claim concerns a site that meets one of the following sets of requirements *(All items in one of a, b, c, or d must be checked for the court to order a stay and early evaluation conference. Check a box if the statement is true.)*

    a. ☐  **CASp-Inspected Site**
        (1) ☐ Site has been inspected by a Certified Access Specialist (CASp) and determined to be CASp inspected or CASp determination pending, and if CASp inspected, there have been no modifications completed or commenced since the date of inspection that may impact compliance with construction-related accessibility standards to the best of defendant's knowledge; and
        (2) ☐ An inspection report by a Certified Access Specialist (CASp) relating to the site has been issued.

    b. ☐  **New Construction**
        (1) ☐ Site has had new construction or improvements on or after January 1, 2008, approved pursuant to the local building permit and inspection process;
        (2) ☐ To the best of defendant's knowledge, there have been no modifications or alterations completed or commenced since that approval that impacted compliance with construction-related accessibility standards with respect to the plaintiff's claim; and
        (3) ☐ All violations have been corrected, or will be corrected within **60** days of defendant's being served with the complaint.

    c. ☐  **Small Business**
        (1) ☐ Site is owned or occupied by a defendant that is a small business that has employed an average of 25 or fewer employees over the past three years and meets the gross receipts eligibility criteria provided in Civil Code section 55.56(2)(f);
        (2) ☐ All violations have been corrected, or will be corrected within **30** days of being served with the complaint; and
        (3) ☐ Evidence showing that all violations have been corrected *(check one)* ☐ is attached ☐ will be filed with the court within **10** days of the court order setting an early evaluation conference.
        (4) I am filing the following with the court along with this application: *(The documents should be filed separately attached to a Confidential Cover Sheet and Declaration (form DAL-006).)*
            ☐ Proof of the number of defendant's employees as shown by wage reports forms filed with the Employment Development Department over the past three years or for existence of the business if less than three years; and
            ☐ Proof of defendant's average gross receipts as shown by federal or state tax documents for the three years before this application or for existence of the business if less than three years.

Form Adopted for Mandatory Use
Judicial Council of California
DAL-005 [Rev. July 1, 2016]

**DEFENDANT'S APPLICATION FOR STAY OF PROCEEDINGS AND EARLY EVALUATION CONFERENCE, JOINT INSPECTION**
**(Disability Access Litigation)**

Civil Code, § 55.54
www.courts.ca.gov

DAL-005

| PLAINTIFF:<br>DEFENDANT: | CASE NUMBER: |
|---|---|

3. d. ☐ **Case Filed by High-Frequency Litigant**

   (1) ☐ Site is owned or occupied by a defendant that is a business.

   (2) ☐ The complaint was filed by, or on behalf of, a "high-frequency litigant," as defined in Code of Civil Procedure section 425.55(b), asserting a construction-related accessibility claim including, but not limited to, a claim brought under Civil Code section 51, 54, 54.1, or 55.

   (3) ☐ The complaint includes a statement that it was filed by or on behalf of a high-frequency litigant, or a statement in the caption that "action subject to the supplemental fee in Government Code section 70616.5."

4. Defendant requests that the court:

  a. Stay the proceedings relating to the construction-related accessibility claim.

  b. Schedule an early evaluation conference.

  c. Order defendant to:

   (1) File a confidential copy of the Certified Access Specialist (CASp) report with the court and serve a copy of the report on the plaintiff at least **15** days before the date of the early evaluation conference, which shall be kept confidential as set forth in Civil Code section 55.54(d)(4); or

   (2) File with the court and serve on plaintiff evidence showing correction of all violations within **10** days of completion of the correction or, if seeking relief as a small business, within **10** days after issuance of a court order granting a stay.

  d. Order plaintiff to file with the court and serve on defendants the statement required by Civil Code section 55.54(d)(6) at least **15** days before the date of the early evaluation conference.

  e. ☐ Order plaintiff and plaintiff's counsel, if any, to meet in person with defendant within 30 days, at the site that is the subject of this action, for a joint inspection to review any issues that plaintiff claims are a violation of construction-related accessibility standards.

Date: _____

_____  ▶  _____
(TYPE OR PRINT NAME OF DECLARANT)                    (SIGNATURE OF DECLARANT)

### DECLARATION OF DEFENDANT

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: _____

_____  ▶  _____
(TYPE OR PRINT NAME OF DECLARANT)                    (SIGNATURE OF DECLARANT)

**DEFENDANT'S APPLICATION FOR STAY OF PROCEEDINGS AND EARLY EVALUATION CONFERENCE, JOINT INSPECTION**
(Disability Access Litigation)

**For your protection and privacy, please press the Clear**

ADVISORY NOTICE TO DEFENDANT

YOU MAY BE ENTITLED TO ASK FOR A COURT STAY (AN ORDER TEMPORARILY
STOPPING ANY LAWSUIT) AND EARLY EVALUATION CONFERENCE IN THIS
LAWSUIT AND MAY BE ASSESSED REDUCED STATUTORY DAMAGES IF YOU MEET
CERTAIN CONDITIONS.

If the construction-related accessibility claim pertains to a site that has a Certified
Access Specialist (CASp) inspection report for that site, or to a site where new
construction or improvement was approved after January 1, 2008, by the local
building permit and inspection process, you may make an immediate request for a
court stay and early evaluation conference in the construction-related accessibility
claim by filing the attached application form with the court. You may be entitled to
the court stay and early evaluation conference regarding the accessibility claim only
if ALL of the statements in the application form applicable to you are true.

FURTHER, if you are a defendant described above (with a CASp inspection report or
with new construction after January 1, 2008), and, to the best of your knowledge,
there have been no modifications or alterations completed or commenced since the
CASp report or building department approval of the new construction or
improvement that impacted compliance with construction-related accessibility
standards with respect to the plaintiff's claim, your liability for minimum statutory
damages may be reduced to $1,000 for each offense, unless the violation was
intentional, and if all construction-related accessibility violations giving rise to the
claim are corrected within 60 days of being served with this complaint.

ALSO, if your business has been served with a complaint filed by a high-frequency
litigant, as defined in subdivision (b) of Section 425.55 of the Code of Civil
Procedure, asserting a construction-related accessibility claim, including, but not
limited to, a claim brought under Section 51, 54, 54.1, or 55 of the Civil Code, you
may also be entitled to a court stay and an early evaluation conference. If you
choose to request a stay and early evaluation conference, you may also request to
meet in person with the plaintiff and counsel for both parties, as well as experts if
the parties so elect, at the subject premises no later than 30 days after issuance of
the court order to jointly inspect the portions of the subject premises and review
any conditions that are claimed to constitute a violation of a construction-related
accessibility standard.

IN ADDITION, if your business is a small business that, over the previous three
years, or the existence of the business if less than three years, employs 25 or fewer
employees on average over that time period and meets specified gross receipts
criteria, you may also be entitled to the court stay and early evaluation conference
and your minimum statutory damages for each claim may be reduced to $2,000 for
each offense, unless the violation was intentional, and if all the alleged
construction-related accessibility violations are corrected within 30 days of being
served with the complaint.

If you plan to correct the violations giving rise to the claim, you should take
pictures and measurements or similar action to document the condition of the

physical barrier asserted to be the basis for a violation before undertaking any corrective action in case a court needs to see the condition of a barrier before it was corrected.

The court will schedule the conference to be held within 70 days after you file the attached application form.

The court will also issue an immediate stay of the proceedings unless the plaintiff has obtained a temporary restraining order in the construction-related accessibility claim. You may obtain a copy of the application form, filing instructions, and additional information about the stay and early evaluation conference through the Judicial Council Internet Web site at www.courts.ca.gov/selfhelp-start.htm.

You may file the application after you are served with a summons and complaint, but no later than your first court pleading or appearance in this case, which is due within 30 days after you receive the summons and complaint. If you do not file the application, you will still need to file your reply to the lawsuit within 30 days after you receive the summons and complaint to contest it. You may obtain more information about how to represent yourself and how to file a reply without hiring an attorney at www.courts.ca.gov/selfhelp-start.htm.

You may file the application without the assistance of an attorney, but it may be in your best interest to immediately seek the assistance of an attorney experienced in disability access laws when you receive a summons and complaint. You may make an offer to settle the case, and it may be in your interest to put that offer in writing so that it may be considered under Section 55.55 of the Civil Code.

DAL-001

# STATE LAW REQUIRES THAT YOU GET THIS IMPORTANT ADVISORY INFORMATION FOR BUILDING OWNERS AND TENANTS

This information is available in English, Spanish, Chinese, Vietnamese, and Korean through the Judicial Council of California. People with visual impairments can get assistance in viewing this form through the judicial branch website, at *www.courts.ca.gov.*

California law requires that you receive this information because the demand letter or court complaint you received with this document claims that your building or property does not comply with one or more existing construction-related accessibility laws or regulations protecting the civil rights of people with disabilities to access public places.

**YOU HAVE IMPORTANT LEGAL OBLIGATIONS.** Compliance with disability access laws is a serious and significant responsibility that applies to all California building owners and tenants with buildings open for business to the public. You may obtain information about your legal obligations and how to comply with disability access laws through the Division of the State Architect, at *www.dgs.ca.gov/dsa.* Information is also available from the California Commission on Disability Access at *www.ccda.ca.guide.htm.*

**YOU HAVE IMPORTANT LEGAL RIGHTS.** The allegations made in the accompanying demand letter or court complaint do not mean that you are required to pay any money unless and until a court finds you liable. Moreover, RECEIPT OF A DEMAND LETTER OR COURT COMPLAINT AND THIS ADVISORY DOES NOT NECESSARILY MEAN YOU WILL BE FOUND LIABLE FOR ANYTHING. You will have the right if you are later sued to fully present an explanation of why you believe you have not in fact violated disability access laws or have corrected the violation or violations giving rise to the claim.

You have the right to seek assistance or advice about this demand letter or court complaint from any person of your choice. If you have insurance, you may also wish to contact your insurance provider. Your best interest may be served by seeking legal advice or representation from an attorney, but you may also represent yourself and file the necessary court papers to protect your interests if you are served with a court complaint. If you have hired an attorney to represent you, you should immediately notify your attorney.

If a court complaint has been served on you, you will get a separate advisory notice with the complaint advising you of special options and procedures available to you under certain conditions.

**ADDITIONAL THINGS YOU SHOULD KNOW:** ATTORNEY MISCONDUCT. Except for limited circumstances, state law generally requires that a prelitigation demand letter from an attorney MAY NOT MAKE A REQUEST OR DEMAND FOR MONEY OR AN OFFER OR AGREEMENT TO ACCEPT MONEY. Moreover, a demand letter from an attorney MUST INCLUDE THE ATTORNEY'S STATE BAR LICENSE NUMBER.

If you believe the attorney who provided you with this notice and prelitigation demand letter is not complying with state law, you may send a copy of the demand letter you received from the attorney to the State Bar of California by facsimile transmission to 1-415-538-2171, or by mail to the State Bar of California, 180 Howard Street, San Francisco, CA 94105, Attention: Professional Competence.

Form Adopted for Mandatory Use
Judicial Council of California
DAL-001 [Rev. July 1, 2016]

**IMPORTANT ADVISORY INFORMATION
FOR BUILDING OWNERS AND TENANTS**
(Disability Access Litigation)

Civil Code, § 55.3
www.courts.ca.gov

## STATE LAW REQUIRES THAT YOU GET THIS IMPORTANT ADVISORY INFORMATION FOR BUILDING OWNERS AND TENANTS

REDUCING YOUR DAMAGES. If you are a small business owner and correct all of the construction-related violations that are the basis of the complaint against you within 30 days of being served with the complaint, you may qualify for reduced damages. You may wish to consult an attorney to obtain legal advice. You may also wish to contact the California Commission on Disability Access for additional information about the rights and obligations of business owners.

COMMERCIAL TENANT. If you are a commercial tenant, you may not be responsible for ensuring that some or all portions of the premises you lease for your business, including common areas such as parking lots, are accessible to the public because those areas may be the responsibility of your landlord. You may want to refer to your lease agreement and consult with an attorney or contact your landlord, to determine if your landlord is responsible for maintaining and improving some or all of the areas you lease.